UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALLEN PEREZ,

                Plaintiff,

      -against-

YONKERS POLICE DEPARTMENT,
YONKERS POLICE OFFICERS JOHN
DOE NUMBER 1-8,

                Defendants.
--------------------------------------------------------X

**REPORT AND RECOMMENDATION**

09 Civ. 1132 (CS) (GAY)

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

On or about February 9, 2009, plaintiff Allen Perez filed a *pro se* complaint alleging that he was physically assaulted by several unknown Yonkers police officers. At the time his complaint was filed, plaintiff was incarcerated at the Wende Correctional Facility. On or about March 6, 2009, the case was reassigned to Your Honor. Defendants filed their Answer on or about April 30, 2009. On or about June 16, 2009, Your Honor referred the case to the undersigned for all purposes. On June 17, 2009, the undersigned issued a Scheduling Notice which advised the parties of a telephone conference scheduled for July 7, 2009. The Scheduling Notice was mailed to both parties. On July 2, 2009, the Notice which had been sent to plaintiff was returned to Chambers marked undeliverable and unable to forward. By letter dated July 6, 2009, defense counsel informed the undersigned that plaintiff had been released from custody and that defense counsel lacked any contact information for plaintiff. Defense counsel requested an adjournment of the conference until plaintiff provided contact information

to either defense counsel or the Court. The undersigned confirmed via the New York State DOCS lookup that plaintiff had been released on May 27, 2009, and adjourned the conference. As of September 4, 2009, plaintiff had not provided any contact information; thus, on that date, the undersigned Ordered that defendants may move for appropriate relief, including dismissal. Presently before this Court is defendants' motion to dismiss pursuant to Rule 37(b)(2)(A)(V) of the Federal Rules of Civil Procedure ("FRCP") for failure to permit discovery.[1] For the reasons that follow, I respectfully recommend that the instant action should be dismissed, not on the grounds suggested by defendants but pursuant to FRCP 41(b) for failure to prosecute.

Rule 37(b)(2) allows a district court to dismiss an action if a party "fails to obey an order to provide or permit discovery." See Fed. R. Civ. P. 37(b)(2)(A)(v). Here, defendants move for dismissal based upon plaintiff's violation of a scheduling notice. A scheduling notice, however, is not "an order to provide or permit discovery" within the meaning of Rule 37(b)(2). See Camara v. Daise, No. 98 Civ. 808, 2001 WL 263006, at *5 (S.D.N.Y. Mar. 9, 2001). Defendants could have alleged a violation of Rule 16(f), which allows the district court to dismiss the action if a party "fails to obey a scheduling or other pretrial order." See Fed. R. Civ. P. 16(f)(1)(C). Had defendants done so, however, the outcome would be the same. The standards governing dismissal under both Rules are identical. See Camara, 2001 WL 263006, at *5. Under either Rule 37(b)(2) or Rule 16(f), dismissal of a *pro se* litigant's action is not appropriate where the district court has not warned the *pro se* litigant that non-compliance may result in

---

[1] Plaintiff has not been served with the instant motion because his whereabouts are unknown.

dismissal. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009); Camara, 2001 WL 263006, at *5. The Scheduling Notice issued in this case did not contain a warning that failure to comply with scheduling orders could result in the sanction of dismissal. Thus, the instant case may not be dismissed pursuant to either Rule 37(b)(2) or Rule 16(f).

Nonetheless, if a plaintiff fails to diligently prosecute his case, the Court may *sua sponte* dismiss the action. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). "[S]uch dismissal is largely a matter of the judge's discretion," and the Court need not provide notice of the dismissal. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to defendant is likely to result; (4) whether the Court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). A balancing of these factors as applied to the circumstances of the instant case compels the conclusion that dismissal of plaintiff's claims for failure to prosecute is warranted.

First, the docket sheet indicates no activity by plaintiff whatsoever since the case was filed over one year ago. That length of time is sufficient to justify dismissal. See e.g., Antonio v. Beckford, No. 05 Civ. 2225, 2006 WL 2819598, at *2 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more).

Second, the absence of notification to plaintiff is the direct result of plaintiff's own failure to notify the Court and defendants of his whereabouts. Third, although defendants have not articulated any specific prejudice from the delay, "a failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience." See Reid v. New York City, No. 07 Civ. 9788, 2009 WL 2222608, at *4 (S.D.N.Y. July 23, 2009) (quotation and citation omitted). This action arises from plaintiff's arrest in August 2006, but no discovery has been conducted; indeed, plaintiff's failure to provide a contact address has made it impossible to schedule even the preliminary case management conference. Under the circumstances, prejudice to defendants can be fairly presumed. Fourth, defendants and this Court have made every effort to enable plaintiff to prosecute his case, yet plaintiff has done nothing. If plaintiff has any interest in pursuing this action, his due process rights will be protected by dismissing his claims without prejudice. Fifth, plaintiff's failure to provide contact information frustrates this Court's ability to address his claims on the merits. Plaintiff has apparently lost interest in his case and, therefore, it appears that any alternative, lesser, sanction to dismissal would be futile.

Accordingly, for all the foregoing reasons, I respectfully recommend that the instant action should be dismissed without prejudice for failure to prosecute, in accordance with FRCP 41(b).

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are

served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated: March ___, 2010
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.