UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALLEN PEREZ,

                                    Plaintiff,                    09-CV-1132 (CS) (GAY)

              - against -                                         **ORDER**
                                                                 **ADOPTING REPORT**
YONKERS POLICE DEPARTMENT, *et al.*,                             **AND RECOMMENDATION**

                                    Defendants.
------------------------------------------------------------------x

Seibel, J.

        Before the Court is the Report and Recommendation of Magistrate Judge George A.

Yanthis dated March 8, 2010 (the "R&R"), in which he recommends that this Court dismiss the

instant case without prejudice for failure to prosecute.  For reasons stated herein, the Court

adopts the R&R and dismisses Plaintiffs' Complaint.

        A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days

after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2);

*accord* 28 U.S.C. § 636(b)(1)(C).

        Insofar as a report and recommendation deals with a dispositive motion, a district court

must conduct a *de novo* review of those portions of the report or specified proposed findings or

recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R.

Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition;

receive further evidence; or return the matter to the magistrate judge with instructions.").  The

district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).

Judge Yanthis recommended that the case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Plaintiff is no longer reachable at the most recent address he provided, and he has not provided any updated contact information to the Court since early 2009.[1] He apparently was released from prison in May 2009, but he has not provided contact information, contacted the Court, responded to notices on the docket sheet, or otherwise pursued the matter. He filed no opposition to Defendants' Motion to Dismiss, and has not objected to Judge Yanthis's R&R. In these circumstances, there is no clear error—or, indeed, any error—in the conclusion of the R&R that the case should be dismissed without prejudice for failure to prosecute.

---

[1]     At the time Plaintiff completed the Complaint form and provided it the Court's *Pro Se* Office in December 2008, he provided an address at the Downstate Correctional Facility in Fishkill, New York. (*See* Doc. 2.) He thereafter provided the *Pro Se* Office with a new address, at the Wende Correctional Facility in Alden, New York, and the *Pro Se* Office had that address docketed on March 5, 2009. (*See* Doc. 4.) The above sequence events shows that Plaintiff was aware of the need to keep the Court apprised of his contact information.

Accordingly, I adopt the R&R as the decision of the Court, and dismiss Plaintiff's

Complaint without prejudice. The Clerk of Court is respectfully directed to terminate the

pending Motion (Doc. 12), and close the case.

SO ORDERED.

Dated: April 30, 2010
       White Plains, New York

Cathy Seibel
CATHY SEIBEL, U.S.D.J.

3